

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

AAS/MAA/RMP
F. #2017R05903

September 26, 2024

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Huawei Technologies Co., Ltd., et al.
     Criminal Docket No. 18-457 (S-3) (AMD)

Dear Judge Donnelly:

   The government respectfully submits this letter to request that, in the interests of judicial and party economy, the Court modify the current motion schedule to stay the government's response and further litigation regarding the defendants' motion to sever ("Def. Mot.") (ECF No. 456), including the defendants' reply and any oral argument, pending the Court's decision on the defendants' forthcoming motion to dismiss, which may obviate the need for briefing on the severance issue. The government has conferred with defense counsel, who do not consent to this request but, given the timing of their consideration of the government's request, have offered to consent to an adjournment of the government's current briefing deadline by a week or two.

   As set forth in their severance motion, the defendants seek to sever what they refer to as the "Sanctions-Related Charges" (Counts Four through Sixteen) from the "Trade Secret Charges" (Counts Two and Three), claiming that these two sets of charges "have nothing to do with each other." Def. Mot. 2. The defendants acknowledge, however, that these charges are bound together (in the defendants' view illegitimately) by the RICO conspiracy charged in Count One—which the defendants contend "is infirm on various grounds" to be articulated in their "soon-to-be-filed motion to dismiss." Def. Mot. 5. In the absence of that RICO charge, the defendants aver that "no one could seriously contend that the Sanctions-Related Charges and the Trade Secret Charges could be charged or tried together, and defendants do not anticipate the government would contend otherwise." Def. Mot. 12.

   In the government's view, given defendants' arguments related to both the alleged infirmity of the RICO charge that the defendants expect to raise in their not-yet-filed motion, and

1

the critical role the RICO charge plays in defendants' severance argument,[1] the motion to dismiss should be resolved as a threshold matter. It would be wasteful of judicial and party resources to brief, argue, and consider the issue of severance before the Court rules on that threshold question. Nor would any party be prejudiced by setting briefing and consideration of the severance motion after resolution of the motion to dismiss, because the schedule the government proposes would not delay trial.

Accordingly, the government respectfully requests that the deadline to file its opposition to the severance motion be adjourned; the defendants be permitted 30 days after the Court rules on their forthcoming motion to dismiss to modify their severance motion in light of that decision or to notify the government that they will not modify it; the government's opposition be due 30 days from the date of the defendants' modified severance motion or notice of non-filing; and the defendants' reply, if any, be due 14 days after the government's opposition.

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

By: /s/
Alexander A. Solomon
Meredith A. Arfa
Robert M. Pollack
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering and Asset
Recovery Section,
Criminal Division
U.S. Department of Justice

By: /s/
Laura Billings
Taylor Stout
Jasmin Salehi Fashami
Trial Attorneys

---

[1] The defendants' brief readily concedes that the severance argument relies primarily on pretrial dismissal of the RICO charge, (Def. Br. at 8) ("Absent this unusual RICO charge, no one could even consider properly trying the Sanctions-Related Charges and Trade Secret Charges together."), and makes substantive arguments regarding alleged defects with the RICO charge, (id. at 9).

2

JENNIFER KENNEDY GELLIE
Acting Chief, Counterintelligence and
Export Control Section
National Security Division, U.S. Department
of Justice

By: /s/_____
Christian Nauvel
Yifei Zheng
Garrett Coyle
Trial Attorneys

cc: Clerk of the Court (by ECF and Email)
    Defense counsel of record (by ECF)